# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA L. HAMMOND,<br><br>    Plaintiff,<br><br>  v.<br><br>UNNAMED GUARDS, et al.,<br><br>    Defendant, | Case No. 3:14-cv-00014-RRB<br><br>**ORDER GRANTING<br>DEFENDANTS'<br>MOTION TO DISMISS** |

Before the Court, at **Docket 69,** is Defendants' Motion for Summary Judgment based on Plaintiff's alleged failure to exhaust nonjudicial remedies. Plaintiff responds, at Docket 76, that exhaustion was not possible due to misinformation provided by Defendants. Defendants reply at Docket 77. Additionally, Defendants move, at **Docket 87**, to strike Plaintiff's unsolicited surreply, which the Court hereby **GRANTS.**

## I. BACKGROUND

Pursuant to 42 U.S.C. Section 1983, Plaintiff filed this civil rights action alleging mistreatment while being incarcerated at the Anchorage Jail on September 3 and 4, 2013. Specifically, Plaintiff alleges that she was subjected to cruel and unusual punishment and allegedly forced to stand naked in sewage, subjected to sexual harassment, and denied medical care. Despite

her alleged treatment, Plaintiff never filed any grievance regarding the incident.[1] Plaintiff asserts that she could not file a grievance because she was denied a grievance form at the Anchorage Correctional Complex and was provided misinformation about the ability to file a grievance for the Anchorage facility after being transferred to Hiland Mountain Correctional Center.[2]

## II. STANDARD

Defendants have moved for summary judgment on this matter due to Plaintiff's failure to exhaust her remedies through the prison grievance process. However, the Court treats the failure to exhaust nonjudicial remedies—which are not jurisdictional—as a matter in abatement, subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment.[3] As a motion to dismiss for failure to exhaust, the Court may "look beyond the pleadings and decide disputed issues of fact."[4]

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983. . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[5] However, exhaustion is only necessary for those remedies that are actually available to the prisoner and exhaustion is not required "when circumstances render administrative remedies effectively unavailable."[6]

---

[1] Docket 69 at 2.
[2] Docket 76 at 2-3.
[3] *Albino v. Baca*, 697 F.3d 1023, 1029 (9th Cir. 2012) *quoting Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).
[4] *Id. quoting SAPP v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010).
[5] 42 U.S.C. 1997e(a).
[6] *Id. quoting SAPP*, 623 F.3d at 821 (internal citation omitted).

Under the PLRA, exhaustion is an affirmative defense and the burden of establishing a failure to exhaust lies on the defendant.[7] The defendant's burden to establish nonexhaustion is very low and once met, the burden shifts to the plaintiff to show that the administrative remedies were unavailable.[8]

### III. DISCUSSION

In addressing this matter, the Court first looks to whether Defendants have met their burden establishing nonexhaustion. Defendants have provided the State of Alaska Department of Corrections Policy 808.03 and a statement from Sherrie Daigle of the Alaska Department of Corrections, which demonstrate a formal procedure in place for prisoner grievances and Plaintiff's failure to file a formal grievance according to the procedure.[9] While Plaintiff asserts that she did attempt to informally resolve the issue as required by Policy 808.03 section VII(A)(1)(a), she does not dispute the fact that no formal grievance form was filed within 30 days.[10] Accordingly, the Court finds that Defendants have met their burden of showing an absence of exhaustion.

Because Defendants have met their burden, the burden now shifts to Plaintiff to establish that the prisoner grievance procedure was unavailable. Plaintiff asserts that any further part of the grievance procedure beyond her informal efforts were unavailable for two reasons. First, Plaintiff requested a grievance form from the guard at the Anchorage jail and was allegedly told by the guard on duty that there were none.[11] Second, Plaintiff states that once transferred to the Hiland

---

[7] *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Albino* 697 F.3d at 1031.

[8] *Albino* F.3d at 1031.

[9] Docket 71, Exhibit A; Docket 70 at 1-3.

[10] Docket 76.

[11] *Id.* at 1.

Mountain Correctional Center, she asked a guard there if she could file a complaint about her treatment in the Anchorage facility and was told the grievance forms were specific to the Hiland facility.[12]

Where affirmative actions by jail staff prevent proper exhaustion, even if unintentionally, this renders administrative remedies effectively unavailable to a prisoner.[13] While the alleged statements from both guards can be viewed as preventing proper exhaustion, that does not conclude the Court's evaluation of the unavailability of administrative remedies. Inmates must also make reasonable, good-faith efforts to both discover and exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable.[14] Inquiry of prison guards was not the only method of discovering and understanding the prison grievance process available to Plaintiff. Once a week the Hiland facility holds a mandatory informational meeting for all inmates that not only explicitly covers the grievance process in detail, but also provides inmates an opportunity to ask questions and obtain guidance on having their grievances addressed.[15] Four of these meetings and discussions occurred during Plaintiff's incarceration at the Hiland facility between September 4, 2013, and October 5, 2013. Plaintiff also had access to dedicated staff members, or "House Officers," whose duties explicitly include instructing inmates on how and where to file grievances.[16] There is no indication Plaintiff utilized any of these resources made available to her.

---

[12] *Id.* at 3.

[13] *Albino*, F.3d at 1034. *See also Sapp*, 623 F.3d at 823; *Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010).

[14] *Albino* F.3d at 1035; *Sapp* 623 F.3d at 823.

[15] Docket 77 at 3-4.

[16] *Id.* at 4-5.

Even if the guards made the statements as Plaintiff has alleged, any further inquiry by Plaintiff into the grievance process would have revealed that 1) grievance forms were available and 2) she could use the forms at the Hiland facility for complaints about her treatment at the Anchorage facility. Whether Plaintiff failed to pay attention during the grievance process meetings, decided not to inquire further about filing a grievance for her situation, or simply elected to abandon her grievance, the outcome is the same. There is no evidence of any reasonable or good-faith efforts on Plaintiff's part that would excuse her failure to exhaust the administrative remedies available or would make the procedures unavailable to her. Because Plaintiff has failed to show that the proper procedures were not known and unknowable with reasonable effort, she cannot prevail on her claim that the grievance procedure was effectively unavailable.[17] Therefore, Plaintiff's failure to file a written grievance form for the alleged incident evidences a failure to exhaust her administrative remedies.

## IV. CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss is hereby **GRANTED**. Defendants' Motion to Stay Discovery at **Docket 72** and Plaintiff's Motion for Court Assistance to Compel Discovery at **Docket 84** are therefore both **DENIED as moot**. This matter is therefore **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 18th day of May, 2015.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[17] *Albino* F.3d at 1037.